H. M. HAYDEN }
vs.          } SEPTEMBER TERM, 1853.
DAVID STEWART, JR. }

[VENDOR'S LIEN—PETITION OF TRUSTEE TO RESELL PROPERTY.]

THE equitable lien held by the court for the payment of the purchase money of land sold under its decree, cannot be enforced by a trustee who has assigned the bonds given for its payment, whether the assignment was or was not made, with the sanction of the court.

The assignment of a bond given for the purchase money of land without recourse, extinguishes the vendor's lien, because so far as he is concerned, it amounts to a payment and satisfaction of his claim.

[The facts of this case are fully stated in the opinion of the Chancellor.]

THE CHANCELLOR:

This case is submitted on the petition of Frank H. Stockett, the trustee appointed in the place of Edwin P. Hayden, the original trustee, now deceased, and the answer thereto of James H. Watkins, of N., the purchaser of the property in the proceedings mentioned.

Upon the petition of Mr. Stockett, the new trustee filed on the 12th of September last, an order was passed on the 16th of the same month requiring Watkins, the purchaser, to show cause against the prayer thereof on this day, and notice having been served upon him as directed, he has filed an answer setting forth the grounds upon which he resists the application of the trustee.

The application is, that Watkins be required to pay the last instalment of the purchase money, or in default thereof that the land be resold by the new trustee for the purpose of raising the amount with interest. The petition states that at the sale made by the former trustee, Hayden, Watkins became the purchaser of the property for the sum of $4351 20, one-third part thereof to be paid in cash, and the residue in two equal portions, in one and two years from the day of sale. That the

cash instalment and the bond for the first credit instalment were paid, but that the last instalment, amounting to the sum of $1450 40, which became due on the 22d of June, 1850, with interest from the 22d of June, 1848, remains due and unpaid, though Watkins has been frequently called upon to pay it.

It appears by the proceedings in the cause, that this third instalment which was secured by the single bill of the purchaser, with two sureties, was, on the 14th of October, 1848, assigned by Hayden, the trustee, to Messrs. Freeland and Hall, parties ascertained to be entitled to the fund, by an endorsement on the instrument in the following words : "For value received I hereby assign and transfer the within single bill to Messrs. Freeland and Hall, and direct that payment thereof be made to them without recourse to me. Witness my hand and seal this 14th {SEAL.} day of October, 1848. E. P. HAYDEN, Trustee.  "

Subsequently, to wit, on the 31st of October, 1849, these assignees, Freeland and Hall, and one Thomas Welch, who it appears was interested in the fund, exhibited their petition in the cause in which, after setting forth the proceedings, and how, and to what extent, they were interested, they make the following statement :

"Your petitioners further state that it was agreed on by and between them and the said trustee, (Hayden,) with the view of having the case in chancery finally closed, and his trust settled, that your petitioners should pay unto him the sum so as aforesaid due the said complainant, and charged on said bond, (meaning the bond given for the last instalment,) to wit, the sum of $528 67, with interest from the 22d of June, 1848, and that said trustee would assign, transfer, and deliver said bond to your petitioners, who would thereby release said trustee from all responsibility on account of the same, whereupon your petitioners did pay said sum of money to said trustee, and said trustee did assign and transfer by endorsement in writing, and deliver said bond to your petitioners as will appear," &c.

Upon this petition certain proceedings were had, on notice to the parties interested, which resulted in affirming the title of the petitioners to the bond, and the money secured by it.

Watkins, the purchaser, relies upon these proceedings as a full defence against the application of the new trustee to resell the land for the payment of the purchase money in case he fails to pay or bring the same into court as prayed by the petition.

The case made by the petition of the new trustee in all its essential features is identical with that of *Iglehart* vs. *Armiger*, 1 *Bland*, 519, where a similar application made by a trustee to resell land sold under a decree of the court for the payment of the purchase money, on the ground that the equitable lien of the vendor still subsisted was overruled. The doctrine of that case, if sound, (and I certainly approve of it,) is decisive of this, it being there distinctly adjudicated that the equitable lien held by the court for the payment of the purchase money of land sold under its decree, cannot be enforced by a trustee who has assigned the bonds given for its payment, whether the assignment was or was not made with the sanction of the court. That by such assignment the trustee divested himself of all title to come before the court in the capacity of plaintiff, and that the court itself was so entirely without jurisdiction to grant relief in such a case, that even consent would not authorize it to interfere. The remedy of the assignee of the bonds is at law.

There can be no sort of doubt that considering the equitable lien held by the court, the same as if such lien was held by a natural person, and in the opinion of the Chancellor in *Iglehart* vs. *Armiger*, it has always been so viewed, such lien did not pass to the assignees of the bond in this case. The language of the assignment is such as to forbid it. It is without recourse and brings the case within the express terms of the law of *Schnebley & Lewis* vs. *Ragan*, 7 *G. & J.*, 120, in which the Court of Appeals decided that such an assignment of a bond given for the purchase money of real estate, "produced an extinguishment of the vendor's lien, because so far as he was concerned it amounted to a payment and satisfaction of his claim." And the same principle was adjudicated by this court in *Dixon* vs. *Dixon*, 1 *Md. Ch. Decisions*, 220.

Considering the case made by the petition of the trustee in

this case, and exhibited by the proceedings in the cause, covered by the authorities referred to, it must be dismissed.

STOCKETT, for the Petitioner.

McLEAN, for the Purchaser.